United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 05-40778
Summary Calendar

_____

ROBERT P. DIXON, JR.,

Petitioner-Appellant,

versus

WARDEN SUZANNE HASTINGS, Warden,

Respondent-Appellee.

_____

**Appeal from the United States District Court
for the Eastern District of Texas
(No. 5:03-CV-170)**

_____

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Robert P. Dixon, federal prisoner # 26529-034, contests the summary judgment denying his 28 U.S.C. § 2241 habeas petition. (A COA is not required to appeal the denial of a § 2241 petition. *Ojo v. INS*, 106 F.3d 680, 681-82 (5th Cir. 1997).) Dixon maintains he was denied due process during disciplinary proceedings and subjected to retaliation.

Because Dixon did not object to the magistrate judge's report and recommendation, adopted by the district court as the basis of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

its order, our review is only for plain error. *E.g., **Guillory v. PPG Indus., Inc.***, 434 F.3d 303, 308 (5th Cir. 2005) (citation omitted). To establish reversible plain error, a defendant must show a clear or obvious error affected his substantial rights. *E.g., **United States v. Castillo***, 386 F.3d 632, 636 (5th Cir.), *cert. denied*, 543 U.S. 1029 (2004). Even then, we retain discretion to correct the error; generally, we will do so only if it "affects the fairness, integrity, or public reputation of judicial proceedings". *Id.* For the following reasons, Dixon fails to show error, plain or otherwise.

Dixon's contentions that the Unit Disciplinary Committee failed to comply with its own regulations by delaying the disciplinary proceedings and that the Discipline Hearing Officer (DHO) was not "independent" as required under 28 C.F.R. § 541.16 do not state *per se* constitutional claims. *See **Jackson v. Cain***, 864 F.2d 1235, 1251 (5th Cir. 1989) (failure to follow procedural regulations "does not establish a violation of due process, because constitutional minima may nevertheless have been met" (internal quotation and citation omitted)). Instead, because Dixon lost good time and is eligible for mandatory release, ***Wolff v. McDonnell***, 418 U.S. 539 (1974), governs review of his disciplinary proceedings. *See **Malchi v. Thaler***, 211 F.3d 953, 957-58 (5th Cir. 2000); ***Madison v. Parker***, 104 F.3d 765, 768-69 (5th Cir. 1997).

2

Dixon first contends he did not receive adequate notice of the ultimate charge, which, prior to his disciplinary hearing, was changed from possession of "gambling paraphernalia" to possession of "anything not authorized". This contention is unavailing. Dixon's initial notice stated he was found in possession of four dice and 40 more than the permitted number of stamps (60). Even if Dixon was not advised of the change in the charge, *both* charges were based on the same facts and subject to the same defense. Therefore, the notice adequately informed Dixon of the charge and enabled him to "marshal the facts and prepare a defense". *Wolff*, 418 U.S. at 564. Further, Dixon's failure to allege any prejudice resulting from the allegedly defective notice defeats his due-process claim. *See* *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir.), *cert. denied*, 522 U.S. 1003 (1997).

Dixon's next assertion, that he was not allowed to call witnesses, is contradicted by the record, which indicates he elected to proceed without his absent witnesses, rather than reschedule the hearing.

Finally, relying on facts concerning the DHO's professional association with FCI Texarkana and a coworker, Dixon maintains the DHO was not impartial. Prison disciplinary hearings "necessarily involve confrontations between inmates ... who are being disciplined and those who would charge or furnish evidence against them". *Wolff*, 418 U.S. at 563. Dixon's contentions, which fail to

3

undermine the DHO's impartial status, raise no due process concerns. *Cf.* **Adams v. Gunnell**, 729 F.2d 362, 370 (5th Cir. 1984) (although an official involved in the conduct of which a prisoner is accused might not be impartial, due process is not denied when the prisoner has "a factually unrelated grievance in the past" with a disciplinary officer). In sum, Dixon fails to establish the absence of **Wolff**-required "minimum procedures". 418 U.S. at 557.

Regarding his retaliation claim, Dixon asserts: Officer Heintzleman had him placed in the "hole" in retaliation for Dixon's filing grievances against him; and the discovery of the contraband and subsequent disciplinary action were a part of that retaliatory conduct. "To state a claim of retaliation an inmate must ... be prepared to establish that but for the retaliatory motive the complained of incident—such as the filing of disciplinary reports as in the case at bar—would not have occurred." **Woods v. Smith**, 60 F.3d 1161, 1166 (5th Cir. 1995) (citations omitted), *cert. denied*, 516 U.S. 1084 (1996). Mere conclusional allegations of retaliation cannot withstand a summary-judgment challenge. **Id.** Dixon's placement in administrative segregation, in itself, had no effect on the duration of his confinement and, thus, would not entitle him to habeas relief even if it were the result of a retaliatory act. Moreover, Dixon's allegations of retaliation based on the search of his cell and subsequent disciplinary action do not raise a plausible inference that the disciplinary action was the result of any retaliatory motive on Officer Heintzleman's part. Dixon has

4

not alleged facts showing that, but for a retaliatory motive, he would not have been disciplined for possessing contraband. *Id.*

*AFFIRMED*